IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MILA INVESTMENTS, LTD., Successor Trustee of the Breitenstrater Trust, | Civil Action No: 3:23 cv 167 |
| | (Judge _____) |
| Plaintiff, | |
| vs. | COMPLAINT FOR BREACH OF CONTRACT, TRESPASS AND EJECTMENT |
| GLOBAL SIGNAL ACQUISITIONS IV, LLC, | |
| | (Jury Demand Endorsed Hereon) |
| Defendant. | |

Plaintiff, MILA Investments, Ltd., successor trustee of the Breitenstrater Trust, for its Complaint for Breach of Contract, Trespass, and Ejectment, against Defendant, Global Signal Acquisitions IV, LLC, states and alleges as follows.

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, MILA Investments, Ltd. ("MILA"), is an Ohio limited liability company with its principal place of business in Oakwood, Montgomery County, Ohio.

2. Defendant, Global Acquisitions IV, LLC., is a Delaware limited liability company with its principal place of business in Houston, Texas.

3. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This court has personal jurisdiction over the defendant pursuant to Section 2307.382(A)(1) of the Ohio Revised Code, because Defendant conducts substantial, continuous and systematic business in Ohio.

5. This court also has personal jurisdiction over the defendant pursuant to Section 2307.382(A)(2) of the Ohio Revised Code, because Defendant contracts to supply services or goods in Ohio.

6. This court also has personal jurisdiction over the defendant pursuant to Section 2307.382(A)(3) of the Ohio Revised Code for causing tortious injury by an act or omission in Ohio.

7. This court also has personal jurisdiction over the defendant pursuant to Section 2307.382(A)(8) of the Ohio Revised Code by having an interest in, using, or possessing real property in Ohio.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to MILA's claims occurred in this judicial district.

9. Venue is also proper in this court pursuant to 28 U.S.C. § 1391(c)(2), because Defendant is an entity with the capacity to sue and be sued in its common name in this judicial district and is subject to this Court's personal jurisdiction.

II. FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. On October 27, 2021, MILA entered into a Grant of Easement with Defendant enabling Defendant's construction, maintenance and operation of communications facilities on a 300 square foot parcel within MILA's property at the Breitenstrater Shopping Center in Dayton, Ohio (the "Easement"). A copy of the Easement is attached hereto and incorporated herein by reference as Exhibit 1.

11. Pursuant to a closing statement, a copy of which is attached hereto and incorporated herein by reference as Exhibit 2, the consideration Defendant paid for the Easement was $644,420.70.

12. Section 11 of the Easement contains an option for an additional 500 square foot easement within a specified area adjacent to the original easement at a purchase price equal to the per square foot price paid for the original easement (the "Option"). Exercise of the Option requires written notice to MILA.

13. On or about January, 2022, Defendant without notice to MILA, and thus without exercising the Option, constructed communications facilities on a 150 square foot area of MILA's real property adjacent to the original easement. Defendant constructed and installed those facilities on a section of MILA's property not specified in the Option. In so doing, Defendant damaged a section of the Breitenstrater parking area and right of way. Further, Defendant has not compensated MILA for its encroachment upon that 150 square foot area.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

14. MILA incorporates by reference the allegations in Paragraphs 1 through 13 above as if fully rewritten herein.

15. Defendant has breached the Easement by constructing communications facilities on MILA's property without notice, without MILA's consent, and without compensating MILA as specified in the Easement.

16. As a direct and proximate result of Defendant's breach of the Easement, MILA has been damaged in an amount exceeding $320,000.

## SECOND CLAIM FOR RELIEF
(Trespass)

17. MILA incorporates by reference the allegations in Paragraphs 1 through 16 above as if fully rewritten herein.

18. Defendant without authority or privilege has unlawfully entered and physically invaded MILA's real property.

19. Defendant's trespass upon MILA's real property occurred with actual malice or aggravated or egregious fraud as set forth in Section 2315.21(C)(1) of the Ohio Revised Code.

20. As a direct and proximate result of Defendant's trespass, MILA has been damaged in an amount exceeding $75,000 and to be proven at trial.

THIRD CLAIM FOR RELIEF
(Ejectment – R.C. § 5303.03)

21. Plaintiffs restate and incorporate by reference the allegations in Paragraphs 1 through 20 herein as if fully rewritten.

22. MILA is the owner in fee simple of the property commonly known as the Breitenstrater Shopping Center. As such, MILA is entitled to possession of the property upon which Defendant has trespassed and unlawfully kept MILA out of possession.

23. MILA is entitled to immediate repossession of the property upon which Defendant has trespassed.

WHEREFORE, Plaintiff, MILA Investments, Ltd., successor trustee of the Breitenstrater Trust, demands judgment against Defendant, Global Signal Acquisitions IV, LLC, as follows:

A. With respect to the First Claim for Relief, damages exceeding $320,000 and to be proven at trial, the costs of this action, and such other and further relief as the law and justice so require;

B. With respect to the Second Claim for Relief, damages exceeding $75,000 and to be proven at trial, punitive damages in accordance with Section 2315.21 of the Ohio Revised Code, reasonable attorney fees, the costs of this action, and such other and further relief as the law and justice so require;

C. With respect to the Third Claim for Relief, an order and judgment restoring MILA's possession of the property upon which Defendant has trespassed, all incidental damages associated with such restoration, the costs of this action, and such other and further relief as the law and justice so require; and

D. Prejudgment interest in accordance with Section 1343.03 of the Ohio Revised Code.

Respectfully submitted,

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney (0036843)
INTILI GROUP, a Legal
Professional Association
2300 Far Hills Avenue
Dayton, Ohio 45419-1550
Tel: (937) 226-1770
Fax: (937) 281-1562
E-mail: tom@igattorneys.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney for Plaintiff