IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MILA INVESTMENTS, LTD., SUCCESSOR TRUSTEE OF THE BREITENSTRATER TRUST, | ) ) ) | CASE NO. 3:23-cv-167 |
| | ) | JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | **DEFENDANT GLOBAL SIGNAL ACQUISITIONS IV LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| GLOBAL SIGNAL ACQUISITIONS IV, LLC, | ) ) ) | |
| Defendant. | ) ) | **(Jury Demand Endorsed Hereon)** |

Defendant Global Signal Acquisitions IV LLC ("GSA"), by and through counsel, files this Answer and Separate Defenses in response to Plaintiff's Complaint, and states as follows:

## ANSWER TO PARTIES, JURISDICTION AND VENUE

1. GSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and accordingly denies the truth of these allegations.

2. GSA admits that it is a Delaware limited liability company and that it has a registered business address in Houston, Texas. Paragraph 2 contains a legal conclusion relating to principal place of business to which no response is required. To the extent a response is required, GSA denies the allegations set forth in Paragraph 2.

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA denies the allegations set forth in Paragraph 3.

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA admits it conducts business in Ohio but denies the remaining allegations set forth in Paragraph 4.

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA admits it conducts business in Ohio, but denies the remaining allegations set forth in Paragraph 5.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA admits it conducts business in Ohio, but denies the remaining allegations set forth in Paragraph 6.

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA admits it conducts business in Ohio, but denies the remaining allegations set forth in Paragraph 7.

8. Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA denies that venue is proper.

9. Paragraph 9 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA denies that venue is proper.

## ANSWER TO FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. GSA only states that MILA entered into a Grant of Easement with GSA ("Easement"), which is attached to the Complaint as Exhibit 1, and states that the Easement speaks for itself. GSA denies any and all allegations set forth in Paragraph 10 of the Complaint that contradict or are inconsistent with the terms of the Easement.

11. GSA only states that the closing statement attached to the Complaint as Exhibit 2 speaks for itself. GSA denies any and all allegations set forth in Paragraph 11 of the Complaint that contradict or are inconsistent with the terms of the closing statement.

12. GSA only states that the Easement speaks for itself. GSA denies any and all allegations set forth in Paragraph 12 of the Complaint that contradict or are inconsistent with the terms of the Easement.

13. GSA denies the allegations set forth in Paragraph 13 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (Breach of Contract)

14. GSA restates and incorporates by reference its responses to the preceding paragraphs as if fully restated herein.

15. GSA denies the allegations in Paragraph 15 of the Complaint.

16. GSA denies the allegations in Paragraph 16 of the Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (Trespass)

17. GSA restates and incorporates by reference its responses to the preceding paragraphs as if fully restated herein.

18. GSA denies the allegations in Paragraph 18 of the Complaint.

19. GSA denies the allegations in Paragraph 19 of the Complaint.

20. GSA denies the allegations in Paragraph 20 of the Complaint.

## ANSWER TO THIRD CLAIM FOR RELIEF
### (Ejectment – R.C. § 5303.03)

21. GSA restates and incorporates by reference its responses to the preceding paragraphs as if restated herein.

22. GSA admits that MILA is the owner in fee simple of the Breitenstrater Shopping Center. The remainder of Paragraph 22 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, GSA denies the allegations set forth in Paragraph 22.

23. GSA denies the allegations in Paragraph 23 of the Complaint.

GSA denies the allegations contained in the Request for Relief, including Subparagraphs

(a)-(d) and denies Plaintiff is entitled to any relief.

**WHEREFORE,** Defendant Global Signal Acquisitions IV LLC prays that this Court dismiss the Complaint in its entirety and enter judgment in its favor and against Plaintiff.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff lacks proper standing to commence or maintain this action.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in party by the applicable statute of limitations and by latches.

### FOURTH SEPARATE DEFENSE

The claims are barred by accord and satisfaction.

### FIFTH SEPARATE DEFENSE

GSA hereby raises all defenses available to it under the applicable contract(s).

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the unclean hands of Plaintiff and by the doctrine of in pari delicto.

### SEVENTH SEPARATE DEFENSE

Defendants did not breach any duty owed to Plaintiff.

### EIGHTH SEPARATE DEFENSE

Defendants' actions did not cause the damage that Plaintiff's alleges.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are barred due to the failure of a condition precedent or subsequent.

## TENTH SEPARATE DEFENSE

Each and every claim alleged or raised in the Complaint is barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of acquiescence, waiver, estoppel, and ratification.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred by Plaintiff's own breach of its contractual obligations.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to failure of consideration.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parties' course of performance and/or practical construction under the applicable contracts.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unilateral or mutual mistake.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's extra-contractual claims or tort claims are barred by the economic loss rule or other applicable law.

## SEVENTEENTH SEPARATE DEFENSE

GSA raises all defenses available to it under R.C. 5303, *et seq*.

## EIGHTEENTH SEPARATE DEFENSE

GSA raises all defenses available to it under R.C.2315.21.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's punitive damages claim, in whole or in part, is barred because punitive damages are not available for Plaintiff's claims, including, but not limited to, Plaintiff's breach of contract claim.

### TWENTIETH SEPARATE DEFENSE

With respect to Plaintiff's demand for punitive damages, GSA specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore* (1996), 517 U.S. 599, *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* (2001), 532 U.S. 424, and *State Farm Automobile Insurance Co. v. Campbell* (2003), 538 U.S. 408, together with all such standards applicable under Ohio law.

### TWENTY-FIRST SEPARATE DEFENSE

Awarding punitive damages in favor of Plaintiff against GSA under the facts and circumstances of this case would constitute the imposition of an excessive fine in contravention of Amendment VIII of the United States Constitution and/or in contravention of the Constitution of the State of Ohio, and additional Constitutional provisions.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff may not recover punitive damages against GSA, because the amount of punishment is increased by GSA's wealth in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and/or the equivalent provisions of the Constitution of the State of Ohio.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff may not recover punitive damages against GSA, because punitive damages violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution

and/or the equivalent provisions of the Constitution of the State of Ohio because a jury can award punitive damages without complying with legally sufficient standards.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff may not recover punitive damages against GSA, because punitive damages are a punishment, a quasi-criminal sanction for which GSA has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution and/or the corresponding provisions of the Constitution of the State of Ohio.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's punitive damages claim should be bifurcated from the liability phase of trial in accordance applicable law.

## TWENTY-SIXTH SEPARATE DEFENSE

GSA reserves the right to assert additional affirmative defenses as discovery progresses.

## JURY DEMAND

Defendant Global Signal Acquisitions IV LLC formally makes a demand and application for a jury trial in this litigation.

Respectfully submitted,

*/s/ Seth H. Wamelink*
Seth H. Wamelink (0082970)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Telephone:   216.592.5000
Facsimile:   216.592.5009
E-mail:   seth.wamelink@tuckerellis.com

*Attorneys for Defendant Global Signal Acquisitions IV LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 11, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            */s/ Seth H. Wamelink*
            Seth H. Wamelink (0082970)
            Tucker Ellis LLP
            950 Main Avenue
            Suite 1100
            Cleveland, OH 44113
            Tel:  216.592.5000
            Fax:  216.592.5009
            E-mail: seth.wamelink@tuckerellis.com

            *Attorneys for Defendant Global Signal Acquisitions IV LLC*